IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Scott Smillie,<br><br>                 Plaintiff,<br><br>v.<br><br>Maricopa County, et al.,<br><br>                 Defendants. | No. CV-11-01320-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Maricopa County and Defendant Joseph Arpaio's Motion to Dismiss Federal Claims in Second Amended Complaint ("Defendants' Motion") (Doc. 47), the Response, and the Reply. In his Second Amended Complaint (Doc. 44), Plaintiff brings the following federal claims against Maricopa County, Arpaio, and John Doe officers: (1) failure to provide for medical needs (42 U.S.C. § 1983)[1]; (2) unlawful detention (42 U.S.C. §1983); and (3) unconstitutional policies and procedures (42 U.S.C. § 1983). Defendants Maricopa County and Arpaio seek to have these three federal claims dismissed; they do not challenge the remaining claims in the Second Amended Complaint. Defendants' Motion will be granted.

I.   **LEGAL STANDARD**

When considering a motion to dismiss, a court evaluates the legal sufficiency of

---

[1] Plaintiff's Second Amended Complaint states repeatedly that it brings Counts One, Two, and Three under "28 U.S.C § 1983"; the Court assumes that Plaintiff means 42 U.S.C. § 1983.

the plaintiff's pleadings. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need include "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Still, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* At a minimum, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

On a motion to dismiss under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the non-moving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The principle that a court accepts as true all of the allegations in a complaint, however, does not apply to legal conclusions or conclusory factual allegations. *Iqbal*, 556 U.S. at 678. Finally, a court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

**II.  FACTUAL BACKGROUND**

Plaintiff alleges as follows. He contacted the Peoria Police on June 6, 2010 to report a burglary, but the police then determined that he had an outstanding probate-court warrant and arrested him. (Doc. 44 ¶¶ 11-13.) After his arrest, Plaintiff was transported Maricopa County Jail, where he explained to Peoria and Maricopa County officers that he had a severe brain injury and numerous resultant health issues. (*Id.* ¶¶ 13-14.) There, he

1  was made to lie down despite extreme vertigo, and his other health concerns were
2  disregarded.  (*Id.* ¶ 14.)  This arrest was pursuant to a civil matter and should have
3  terminated with an appearance in court.  (*Id.* ¶ 15.)

4        In support of his § 1983 claim for failure to provide for medical needs, Plaintiff
5  further alleges that the John Doe Defendants subjected him to abuse by withholding
6  necessary blood-pressure and pain medications and exacerbating existing injuries.  (*Id.*
7  ¶ 18.)  Defendants were officers and supervisors acting under color of state law when
8  they detained and physically abused Plaintiff, and also denied him medical care.  (*Id.*
9  ¶ 19, 22-23.)   Their deliberate indifference to Plaintiff's medical needs and their
10 derogation of the duty to provide medical care caused a great deal of harm to Plaintiff.
11 (*Id.* ¶ 19.)  Plaintiff suffered several strokes while in jail, lost some feeling in parts of his
12 body, had his blood pressure rise, lost mobility, contracted MRSA, lost control over his
13 bowels, and now suffers from ongoing nightmares.  (*Id.*)  With respect to Defendant
14 Arpaio, Plaintiff alleges that "Defendant Sheriff Arpaio [acted] as a supervisor,
15 participated in the actions or inactions, was deliberately indifferent to what was
16 transpiring at the jail or failed to adequately train his employees." (*Id.* ¶ 24.)  Defendant
17 Maricopa County, in turn, "is responsible for providing funding and overseeing county
18 operations including various systems and has an obligation to make sure people [sic]
19 constitutional rights are not violated.  Defendant Maricopa County was on notice through
20 numerous sources in the public record, lawsuits and media that people were not obtaining
21 appropriate medical care including through action by the federal government yet failed to
22 act to protect the constitutional rights of Plaintiff, permitting the sheriff's actions to
23 constitute county policy." (*Id.* ¶ 25.)

24       To flesh out his § 1983 claim for unlawful detention, Plaintiff alleges that
25 Defendants were required to release Plaintiff when he purged his contempt citation or
26 after bringing Plaintiff to court.  (*Id.* ¶ 27.)  Instead Plaintiff was detained for five days,
27 even though Defendants should have known that he was entitled to be released.  (*Id.*
28 ¶ 28.)  "As a result of the acts of Defendant Arpaio, Plaintiff was subjected to undue

1 stress, anxiety, pain and suffering for not only having to deal with the arrest process, 2 abuse of force and excessive force but the malicious prosecution brought about as a result 3 of the execution of the warrant from the probate court." (*Id.* ¶ 29.) Plaintiff alleges that 4 Defendant Maricopa County was on notice from sources in the public record, lawsuits, 5 and the media that detainees were kept longer than they should have been, thereby 6 making the sheriff's actions county policy. (*Id.* ¶ 30.)

7 Finally, Plaintiff's § 1983 claim regarding "Policy and Procedure" alleges that 8 Plaintiff's injuries were caused by "governmental custom, or a practice permanent and 9 settled," evidenced by the fact that Defendant Arpaio has proclaimed himself the 10 "toughest sheriff" and that Maricopa County is aware of numerous lawsuits regarding jail 11 conditions but opts "to pay people off when [it] determine[s] it is politically or fiscally 12 appropriate." (*Id.* ¶ 32.) Further, Defendant Arpaio and Maricopa County have decision-13 making authority with respect to the Maricopa County Jail. (*Id.* ¶ 31.) Maricopa County 14 is allegedly liable "based on a policy of inaction . . . amount[ing] to a failure to protect 15 constitutional rights," (*id.* ¶ 33), and "Defendants [sic] Arpaio committed a constitutional 16 violation from a custom because the alleged injuries were caused by the officers who 17 were engaging in widespread and persistent pattern of unconstitutional misconduct that 18 Sheriff Arpaio was deliberately indifferent to or tacitly authorized." (*Id.* ¶ 34.)

19 **III.     ANALYSIS**

20     **A.     Failure to Provide for Medical Needs and Unlawful Detention**

21 Defendants Arpaio and Maricopa County challenge the § 1983 claims in Counts 22 One and Two, "Failure to Provide for Medical Needs" and "Unlawful Detention," on the 23 basis that liability cannot attach in a § 1983 claim on a theory of respondeat superior. 24 While respondeat superior cannot underlie § 1983 liability, *see, e.g.*, *Monell v. New York* 25 *City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978), Defendants Arpaio and Maricopa 26 County could still theoretically be liable for Plaintiff's alleged harms under other 27 theories.

28

1    However, the Second Amended Complaint falls short of pleading sufficient facts to support any theory of liability against either Defendant for these counts. Plaintiff bases his Count One claim against Defendant Arpaio on the lone allegation that Defendant Arpaio acted "as a supervisor, participated in the actions or inactions, was deliberately indifferent to what was transpiring at the jail or failed to adequately train his employees." (Doc. 44 ¶ 24.) Such conclusory factual allegations and legal conclusions merit no assumption of truth, and they do not allow for the reasonable inference of liability required by *Iqbal*. Similarly, there is no factual basis alleged in the sole allegation against Maricopa County suggesting that the County has a policy of unconstitutionally denying people medical care. (*See id.* ¶ 25.) In Count Two, Plaintiff alleges that he suffered "as a result of the acts of Defendant Arpaio," with no elaboration as to Arpaio's alleged involvement. (*See id.* ¶ 29.) Such a cursory attempt to implicate a defendant does not satisfy the pleading standard. And again, the allegation that Maricopa County was "on notice through numerous sources in the public record, lawsuits and the media that people were kept longer than allowed" does not suffice to plead an unconstitutional policy for which the County could be liable. (*See id.* ¶ 30.) As Plaintiff has not pled sufficient facts under a cognizable legal theory, he has not satisfied the pleading standard under the Federal Rules of Civil Procedure with respect to Counts One and Two against Defendants Arpaio and Maricopa County. *See Balistreri*, 901 F.2d at 699.

**B.   "Policy and Procedure"**

Plaintiff's allegations in Count Three are a series of conclusory factual statements and legal conclusions. The Count is almost wholly devoid of alleged facts, save that Defendants Arpaio and Maricopa County are responsible for overseeing the Maricopa County Jail, that Arpaio has proclaimed himself the "toughest sheriff" in the country, and that Maricopa County has chosen not to act in the face of varied lawsuits regarding jail conditions. (*Id.* ¶¶ 31-32.) These facts do basically nothing to lend credence to Plaintiff's claim that his injuries at the hands of officers were "the result of governmental

custom." (*Id.* ¶ 32.) Further, allegations such as the one that "[t]he policies and procedures in place enacted or authorized an unconstitutional policy or gave an unconstitutional order that implemented or executed a policy statement, regulation, or decision officially adopted and promulgated by that body's officers," (*id.* ¶ 31), neither make sense nor provide any factual basis that could allow the claim to survive. Beyond mentioning jail conditions, Plaintiff does not even identify in the pleading what policy of Defendant Arpaio's or Defendant Maricopa County's he identifies as unconstitutional.

Plaintiff has not clearly specified any policy, let alone pled one that could become the basis for liability against Defendants Arpaio or Maricopa County. He has offered no allegations that could support liability under *Monell* or its progeny. Thus, this claim, too, fails.

**C.  Conclusion**

The pleading standards exist not to harass or burden plaintiffs, but to provide defendants with fair notice as to the basis of the actions against them. Here, Plaintiff has already had two opportunities to amend his complaint to sufficiently state federal claims. Further, this Court's prior Order, dated June 7, 2013, specifically advised Plaintiff that he would have one final opportunity to amend, and that if the amended complaint that followed thereafter was insufficient, then portions of that action faced dismissal with prejudice. (Doc. 43.) Counts One, Two, and Three against Defendants Arpaio and Maricopa County consist of a string of legal conclusions with no factual basis. As such, they are insufficient and will be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6). Plaintiff may proceed with his state claims, as well as with his federal claims against the John Doe Defendants.

///
///
///
///

1     **IT IS THEREFORE ORDERED** granting Defendant Maricopa County and
2  Defendant Joseph Arpaio's Motion to Dismiss Federal Claims in Second Amended
3  Complaint (Doc. 47).  Counts One, Two, and Three as against Defendants Maricopa
4  County and Arpaio are dismissed with prejudice.
5     Dated this 12th day of August, 2013.

_____
Neil V. Wake
United States District Judge